Islam v. Whitaker

BIA
Poczter, IJ
A206 263 716

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand nineteen.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

NAZRUL ISLAM,
> *Petitioner,*

v.                                                    17-2639
                                                      NAC
MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Salim Sheikh, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nazrul Islam, a native and citizen of Bangladesh, seeks review of a July 25, 2017, decision of the BIA affirming an October 4, 2016, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nazrul Islam,* No. A 206 263 716 (B.I.A. July 25, 2017), *aff'g* No. A 206 263 716 (Immig. Ct. N.Y. City Oct. 4, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review adverse credibility determinations under a substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). The governing REAL ID Act credibility standard provides as follows:

Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness,. . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). The agency reasonably relied on inconsistencies between Islam's credible fear interview, his testimony, and his family's letters, as well as his demeanor and lack of reliable corroborating evidence.

The agency reasonably relied on inconsistencies regarding the alleged incidents of past persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Islam initially testified that his father was present at the first incident, but when questioned about what happened to him, he changed his testimony and denied that his father was there. In addition to his changing testimony, his final answer was inconsistent

3

with his father's letter, which alleged that his father was present. As to the fourth alleged incident, when asked whether it was him or his father who was threatened with a knife, he changed his testimony twice and was again inconsistent with his father's letter. These material inconsistencies in the examples of past persecution constitute substantial evidence for the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006).

The agency's determination is bolstered by inconsistencies between Islam's credible fear interview and his testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Islam recounted only two of the four incidents of persecution at the credible fear interview, even though he was asked if there were other incidents. Islam's testimony and his answer at the interview were also inconsistent as to how many of the attackers he knew. The agency did not err in relying on the credible fear interview when assessing credibility because the interview record "display[ed] the hallmarks of reliability." *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). The interview record appears to be nearly

4

verbatim in a question and answer format; Islam was asked thoroughly about past persecution and future fears; and Islam had access to a Bengali interpreter and did not express any issues with the interpretation. The agency was not required to credit Islam's explanation that the record was incomplete or that he was tired. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)).

The adverse credibility determination is further bolstered by the IJ's demeanor finding, to which we defer. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). The record supports the IJ's finding that Islam testified smoothly on direct examination but repeatedly claimed he could not understand the interpretation on cross-examination.

Finally, Islam's corroborating evidence was insufficient to rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to

corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question").  The IJ reasonably afforded diminished weight to letters from Islam's family and friends in Bangladesh because their authors were not subject to cross-examination and the letters from Islam's father and brother were inconsistent with Islam's testimony. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that the weight of evidence is generally in agency's discretion and deferring to agency's decision to give limited weight to letter from applicant's spouse).

Given the inconsistencies within and between Islam's testimony, credible fear interview, and documentary evidence and the lack of reliable corroborating evidence, the totality of the circumstances supports the agency's ruling. *See Xiu Xia Lin*, 534 F.3d at 167.  Because Islam's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court